IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

TERRANCE ROSE,

    Petitioner,

vs.                                No. 13-2923-STA-tmp

JERRY LESTER,

    Respondent.

---

ORDER GRANTING RESPONDENT'S MOTION TO DISMISS
(ECF No. 5)
ORDER OF DISMISSAL
ORDER DENYING CERTIFICATE OF APPEALABILITY
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
ORDER DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

---

On November 13, 2013, Petitioner Terrance Rose,[1] Tennessee Department of Correction ("TDOC") prisoner number 442807, an inmate at the Northeast Correctional Complex ("NECX") in Mountain City, Tennessee, placed a *pro se* petition pursuant to 28 U.S.C. § 2254 in the prison mail system. (Petition ("Pet."), ECF No. 1 at PageID 6.) The petition was received and filed by the Clerk of Court on November 26, 2013. (Pet, ECF No. 1 at PageID 1.) On January 2, 2014, the Court entered an order directing Respondent to respond to the habeas petition. (Order, ECF No. 4.) On January 27, 2014, Respondent filed a motion to dismiss the

---

[1]The Clerk is directed to correct the spelling of Plaintiff's first name on the docket from Terrence to Terrance. The state court opinions are under the name Terrance Rose and Plaintiff has signed his first name as Terrance. (ECF No. 1-3 at PageID 31.) .

petition. (Motion ("Mot.") to Dismiss, ECF No. 5.) Petitioner has not filed a reply or responded to the motion to dismiss. The time for responding has expired.

I. STATE COURT PROCEDURAL HISTORY

Petitioner Rose was convicted by a Shelby County Criminal Court jury of reckless homicide and especially aggravated robbery. Petitioner was sentenced to three years in prison for the reckless homicide conviction and twenty years in prison for the especially aggravated robbery conviction. The Tennessee Court of Criminal Appeals affirmed the trial court's judgments. *State v. Rose*, No. W2008-02214-CCA-R3-CD, 2010 WL 2219596 (Tenn. Crim. App. May 20, 2010), *perm app. denied* (Tenn. Nov. 12, 2010).

On November 14, 2011, counsel for Petitioner filed a petition for post-conviction relief. The post-conviction court conducted an evidentiary hearing and, on March 21, 2012, entered an order denying the petition. The Tennessee Court of Criminal Appeals affirmed. *Rose v. State*, No. W2012-00610-CCA-R3-PC, 2013 WL 123761 (Tenn. Crim. App. Jan. 10, 2013), *perm. app. denied* (Tenn. June 19, 2013).

II. PETITIONER'S FEDERAL HABEAS CLAIMS

In this § 2254 petition, Rose contends that the trial court erred in allowing the state to amend the indictment, that he was subjected to an unreasonable search, that his statement was taken in violation of his Sixth Amendment right to counsel, and that trial counsel provided ineffective assistance. (Pet., ECF No. 1 at PageID 2-3.) Respondent contends that the petition is time barred. (Mot. to Dismiss, ECF No. 5 at PageID 43.)

III. ANALYSIS

The statutory authority for federal courts to issue habeas corpus relief for persons in state custody is provided by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death

Penalty Act of 1996 ("AEDPA"). A federal court may grant habeas relief to a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Twenty-eight U.S.C. § 2244(d) provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall begin to run from the latest of-

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; and

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

State convictions ordinarily become "final" within the meaning of § 2244(d)(1)(A) when the time expires for filing a petition for a writ of certiorari from a decision of the highest state court on direct appeal. *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The Tennessee Court of Criminal Appeals issued its decision on direct appeal on May 20, 2010, and the

Tennessee Supreme Court denied permission to appeal on Nov. 12, 2010. Rose's conviction became final on February 11, 2011, the last date for filing a petition for a writ of certiorari with the United States Supreme Court, at which time the running of the limitations period commenced.

The limitations period was tolled, pursuant to 28 U.S.C. § 2244(d)(2), when counsel filed Rose's post-conviction petition on November 14, 2011. By that time, 275 days of the one-year limitations period had elapsed. The Tennessee Court of Criminal Appeals affirmed the dismissal of the post-conviction petition on January 10, 2013, and the Tennessee Supreme Court denied permission to appeal on June 19, 2013. The running of the limitations period recommenced at that time and expired ninety days later, on September 18, 2013. Rose did not place this habeas petition in the prison mail until November 13, 2013, and it is time barred.

"[T]he doctrine of equitable tolling allows federal courts to toll a statute of limitations when a litigant's failure to meet a legally mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Keenan v. Bagley*, 400 F.3d 417, 421 (6th Cir. 2005) (internal quotation marks omitted). The § 2254 limitations period is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645-49 (2010). "[T]he doctrine of equitable tolling is used sparingly by the federal courts." *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *see also Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003) (same); *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003) (same). "The party seeking equitable tolling bears the burden of proving he is entitled to it." *Robertson*, 624 F.3d at 784. A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

4

Petitioner Rose has not responded to the motion to dismiss. The petition contains no allegations justifying the application of equitable tolling. Ignorance of the law does not toll the limitations period. *Thomas v. Romanowski*, 362 F. App'x 452, 455 (6th Cir. 2010); *Harrison v. I.M.S.*, 56 F. App'x 682, 685-86 (6th Cir. 2003) (declining to apply equitable tolling where prisoner was ignorant of the filing deadline because, through his other contacts with the court, he "learned that his other documents he filed with the court had corresponding filing deadlines" and, therefore, he "knew or should have known that his application for a writ of habeas corpus also had a filing deadline"); *Miller v. Cason*, 49 F. App'x 495, 497 (6th Cir. 2002) ("Miller's lack of knowledge of the law does not excuse his failure to timely file a habeas corpus petition."); *Brown v. United States*, 20 F. App'x 373, 374 (6th Cir. 2001) ("Ignorance of the limitations period does not toll the limitations period."). There is no basis for finding that the one-year statute of limitations should be tolled. This petition is clearly barred by the statute of limitations.

Respondent's motion to dismiss the petition as time barred is GRANTED. (Mot., ECF No. 5.) The petition is DISMISSED WITH PREJUDICE. Judgment shall be entered for Respondent.

IV. APPELLATE ISSUES

There is no absolute entitlement to appeal a district court's denial of a § 2254 petition. *Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003); *Bradley v. Birkett,* 156 F. App'x 771, 772 (6th Cir. 2005). The Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a § 2254 petitioner. Rule 11, Rules Governing Section 2254 Cases in the United States District Courts. A petitioner may not take an appeal unless a circuit or district judge issues a COA. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).

A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right, and the COA must indicate the specific issue or issues that satisfy the required showing. 28 U.S.C. §§ 2253(c)(2) & 3. A "substantial showing" is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336 (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)); *Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same). A COA does not require a showing that the appeal will succeed. *Miller-El*, 537 U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814-15 (6th Cir. 2011) (same). Courts should not issue a COA as a matter of course. *Bradley*, 156 F. App'x at 773 (quoting *Slack*, 537 U.S. at 337).

In this case, there can be no question that the claims in this petition are barred by the statute of limitations. Because any appeal by Petitioner on the issues raised in this petition does not deserve attention, the Court DENIES a certificate of appealability.

In this case for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter would not be taken in good faith, and leave to appeal *in forma pauperis* is DENIED.[2]

Entered this 26th day of September 2014.

                                                                  **s/ S. Thomas Anderson**
                                                                  **S. THOMAS ANDERSON**
                                                                  **UNITED STATES DISTRICT JUDGE**

---

[2] If Petitioner files a notice of appeal, he must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days of the date of entry of this order. *See* Fed. R. App. P. 24(a)(5).